IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD CHECCHIA and**<br>**STANLEY DAWEJKO,** | : Civil Action No. 10-<br>  **JURY TRIAL DEMANDED** |
| Plaintiffs | |
| v. | : |
| **CITY OF PHILADELPHIA,**<br>**CHARLES RAMSEY,**<br>Commissioner of the Philadelphia<br>Police Department,<br>**OFFICER THOMAS SCHAFFLING,**<br>Badge Number 7535, and<br>**OFFICERS JOHN DOE(S),**<br>individually and as police officers for the<br>City of Philadelphia<br>c/o Law Department<br>1515 Arch Street<br>Philadelphia, PA 19102, | :<br><br><br>:<br><br><br>:<br><br><br>:<br><br>: |
| Defendants | |

**COMPLAINT**
**I. PRELIMINARY STATEMENT**

1. Plaintiffs bring this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of Defendant Thomas Schaffling who used shocking, indiscriminate and deadly force against the plaintiffs and, together with other Philadelphia police officers, subjected the plaintiffs to an unlawful arrest and detention. The actions and conduct of the defendant officers were the results of policies, practices, customs, and deliberate indifference on the part of Defendant City of Philadelphia, including the failure to take disciplinary and remedial action against Defendant Schaffling despite his extraordinary record of misconduct and abuse of authority.

## II.  JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §1983.  Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision.  Plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## III.  PARTIES

3.  Plaintiffs Richard Checchia and Stanley Dawejko are residents of Philadelphia, Pennsylvania and at all times relevant to this action were in the Eastern District of Pennsylvania.

4.  Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants Ramsey, Schaffling and Doe(s).

5.  Defendant Charles Ramsey is the Commissioner of the Philadelphia Police Department (PPD) and at all times relevant to this action was a final decision-maker for the City of Philadelphia regarding the operation of the PPD including but not limited to the disciplinary system of the PPD.  The defendant is being sued in his official and individual capacities.

6.  Defendants Schaffling and Doe(s) (hereinafter "the defendant officers") are police officers for the Philadelphia Police Department acting under color of state law.  The defendant officers are being sued in their individual capacities.

7.  At all relevant times, all defendants were acting in concert and conspiracy and their actions deprived the plaintiffs of their constitutional and statutory rights.

8.  At all times relevant to this Complaint, all defendants acted under color of state law.

## IV.  FACTUAL ALLEGATIONS

9.  On the early morning hours of March 26, 2010, the plaintiffs were at Wellington Street and Torresdale Avenue in Philadelphia about to get into Plaintiff Checchia's vehicle.

10.  At that time and place, the plaintiffs were approached by Defendant Schaffling, who appeared intoxicated.

11.  Defendant Schaffling, without cause or justification, approached Mr. Checchia's vehicle and kicked the fog light of the car, breaking it.

12.  Plaintiff Checchia protested this action and Defendant Schaffling stated that he was a police officer, verbally abused the plaintiffs, abused his authority as a law enforcement officer, and threatened to kill one or both of the plaintiffs.

13.  Without cause or justification, Defendant Schaffling attacked Mr. Checchia, causing injuries and harms.

14.  When Plaintiff Dawejko attempted to intervene, Defendant Schaffling, without cause or justification, assaulted Mr. Dawejko and threw him to the ground, causing injuries and harms.

15.  Mr. Checchia then attempted to intervene, and Defendant Schaffling fired his handgun, inflicting a wound on Mr. Checchia and causing both plaintiffs to sustain additional injuries and harms.

16.  Philadelphia police officers arrived on the scene and the plaintiffs explained that they had been attacked by Defendant Schaffling who threw down the firearm that he had fired at them.

17.  Philadelphia police officers Doe(s) recovered Defendant Schaffling's weapon but failed to arrest Defendant. Instead, Officers Doe(s) arrested the plaintiffs without cause or justification.

18. The arrest and detention of the plaintiffs and their mistreatment while in custody by Defendants Doe(s), acting in concert with Defendant Schaffling, were undertaken to cover-up the misconduct of Defendant Schaffling and thus constituted a conspiracy to violate the plaintiffs' constitutional and statutory rights.

19. Plaintiff Checchia was handcuffed and taken to the hospital for treatment of injuries caused by Defendant Schaffling. Mr. Chaecchia was handcuffed to a bed while being treated, causing additional injuries and harms.

20. After receiving treatment, Mr. Checchia was taken to the police station in handcuffs where he was unlawfully detained and improperly interrogated for an extended period without cause or justification, causing additional injuries and harms.

21. At the scene of the incident, Plaintiff Dawejko was arrested, handcuffed and transported to a police station where he was unlawfully detained for an extended period without cause or justification, causing additional injuries and harms.

22. At no time did plaintiffs pose a threat of harm to the defendant officers or any other police officers or civilians.

23. The defendant officers, without cause or justification and in the absence of probable cause, detained, handcuffed and arrested the plaintiffs and detained them for an extended period. There were no formal criminal charges brought against the plaintiffs.

24. There was no legal cause to justify Defendant Schaffling's use of force, including but not limited to deadly force, on Plaintiffs Checchia and Dawejko, and the force used against the plaintiffs was unreasonable and excessive.

25. Defendants Doe(s) failed to intervene to protect plaintiffs from unlawful arrest and

detention in the wake of the unprovoked attack on the plaintiffs by Defendant Schaffling, a fellow police officer.

26. Plaintiffs did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia, or engage in any conduct which justified the actions of all defendant.

27. The unlawful arrest, detention and use of force in this case were the direct result of all defendants' pattern, practice and custom of subjecting citizens such as the plaintiffs to the use of force, arrest and incarceration in the absence of probable cause.

28. Defendants Schaffling and Doe(s) acted wilfully, deliberately, maliciously or with reckless disregard of the plaintiffs' constitutional and statutory rights.

29. As a direct and proximate result of the actions of all defendants, the plaintiffs suffered and continue to suffer physical and psychological harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

30. All Defendants engaged in the aforesaid conduct for the purpose of violating the plaintiffs' constitutional rights by subjecting the plaintiffs to the unreasonable use of force, deadly force, unlawful arrest and prolonged detention.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

31.  Plaintiffs incorporate by reference paragraphs 1-30 of the instant Complaint.

32.  As a direct and proximate result of all defendants' conduct, committed under color of state law, Plaintiffs Richard Checchia and Stanley Dawejko were deprived of the right to be free from the unreasonable use of force, unlawful arrest and detention, the right to be secure in ones' person and property and to due process of law.  As a result, the plaintiffs suffered and continue to suffer harm in violation of their rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

33.  As a direct and proximate result of the acts of all defendants, the plaintiffs sustained injuries, emotional harm, loss of liberty and financial losses, all to their detriment and harm.

34.  Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a.  The unreasonable use of force, unlawful detentions and unlawful arrests by police officers;

   b.  The proper exercise of police powers, including but not limited to the unreasonable use of force, unlawful arrest and unlawful detention;

   c.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

   d.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

   e.  Police officers' use of their status as police officers to employ the use of force and unlawful arrest, or to achieve ends not reasonably related to their police duties;

 f.  Police officers' use of their status as police officers to employ the use of force and unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

 g.  The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented in this case;

 h.  The refusal of police officers to intervene when other officers violate the rights of citizens in their presence; and

 i.  The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

 35.  Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as plaintiffs.

 36.  Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers.  The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

 a.  There are excessive and chronic delays in resolving disciplinary complaints;

 b.  There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

 c.  There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.

 d.  The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

 e.  The PPD discipline, as practiced, is incident based rather than progressive.  Thus, repeat violators are not being penalized in proportion to the number of violations.

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers.

j. Despite the fact that Defendant Schaffling had amassed an exceptionally large number of serious misconduct complaints in only a few years on the force, the officer stayed well below the radar of an early warning system;

k. Despite no fewer than fourteen prior complaints against Defendant Schaffling, the great majority of which involved excessive force, the PPD took no meaningful disciplinary or remedial actions;

l. Despite complaints asserting the excessive use of force, and no less than twenty-five "Use of Force" and three shooting incidents involving Defendant Schaffling, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officer;

m. Even when Defendant Schaffling was shown in a video tape in May 2008 committing acts of excessive and unnecessary force, or standing by while other officers used such force, absolutely no meaningful disciplinary action, positive corrective supervisory and/or training measures were undertaken;

n. The PPD did nothing to respond meaningfully to the red flags evidenced in Defendant Schaffling's aggregate performance.

o. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

p. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

37. Defendant Charles Ramsey, as Police Commissioner, is deliberately indifferent to the need to properly train, supervise and discipline police officers in the following respects:

    a. Commissioner Ramsey is oblivious to the long-standing and ongoing problem of police misconduct and disciplinary issues in Philadelphia;

    b. Commissioner Ramsey has stated that he never heard of the reports and findings of the PPD's Office of Integrity and Accountability that relate to the many problems with the disciplinary system of the PPD;

    c. Commissioner Ramsey has stated that he never heard of the reports and findings of the Mayor's Task Force on Police Discipline that relate to the many problems with the disciplinary system of the PPD including the arbitration system;

    d. Commissioner Ramsey has stated that he was unaware of **any** disciplinary problems in the Philadelphia Police Department, a remarkable statement in light of the unprecedented spike in the number of physical abuse complaints to IAD in the first year of his tenure as Police Commissioner;

    e. Commissioner Ramsey has failed to acknowledge the existence and serious impact of the police Code of Silence.

    f. Commissioner Ramsey made public statements in the wake of incidents of police misconduct assuring Philadelphians that prompt disciplinary action was being taken against the involved officers when, in fact, no meaningful disciplinary and remedial actions were undertaken against many officers involved in these incidents;

    g. Commissioner Ramsey agreed to a contract with the police union that maintains an arbitration system that renders efforts to discipline offending officers virtually meaningless; and

    h. Commissioner Ramsey is deliberately indifferent to the PPD's training, supervision, practices and procedures and to the safety and well-being of citizens and officers alike and the integrity of the PPD and the City of Philadelphia.

38. Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers and has failed to ensure that there is an effective internal disciplinary system by repeatedly agreeing to enter into a contract with the Fraternal Order of

Police that provides for an arbitration system that, in the few instances where IAD imposes punishment, frequently reverses the punishment, rendering the disciplinary system ineffective.

39. Defendants have by the above described actions deprived the plaintiffs of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

40. Plaintiffs incorporate by reference paragraphs 1-39 of the instant Complaint.

41. The acts and conduct of Defendant Schaffling in this cause of action constitute assault and battery as to both plaintiffs under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiffs request the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just including, but not limited to, a judgment that the City of Philadelphia has failed to properly train, supervise and discipline police officers and is deliberately indifferent to a departmental disciplinary mechanism that is fundamentally ineffective, inadequate and unpredictable; and

e. A jury trial as to each defendant and as to each count.

   S/ Paul Messing
Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, MESSING & FEINBERG
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400
Counsel for Plaintiffs